IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LLEWELEN F. SMITH,
    Plaintiff,

vs.                                          Case No. 5:07cv138/MCR/EMT

SCOTT A. MIDDLEBROOK, WARDEN,
    Defendant.
_____/

**ORDER**

        Plaintiff, proceeding pro se and in forma pauperis, initiated this action by filing a civil rights complaint under 28 U.S.C. § 1331 and Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 38, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), or 28 U.S.C. § 1346 (*see* Docs. 1, 8).[1] From a review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief. Therefore, the court will allow Plaintiff an opportunity to clarify his allegations in an amended complaint.

        Plaintiff, an inmate at the Federal Correctional Institution in Marianna, Florida ("FCI Marianna") at all times relevant to this action, names one Defendant: Scott A. Middlebrook, Warden of FCI Marianna (*see* Doc. 1 at 1, 2). Plaintiff alleges that Defendant is "housing three inmates to a cell" in violation of the Constitution (*see id.* at 5). Plaintiff states that "[t]he shere [sic] physical

---

[1] It is of no consequence that in prior orders the court inadvertently referred to Plaintiff's complaint as being filed pursuant to 42 U.S.C. § 1983 (*see, e.g.*, Doc. 17 at 1). "Because of the similarity in the causes of action, a Bivens case challenges the constitutionality of federal officials' conduct, while § 1983 challenges the constitutionality of state officials' conduct, [the Eleventh Circuit] 'generally [applies] § 1983 law to Bivens cases.' " Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998) (citing Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir.1995) (per curiam)). Furthermore, none of the court's prior orders addressed the substance of Plaintiff's claims (*see* Doc. 4 (directing Plaintiff to pay the filing fee or submit a motion to proceed in forma pauperis); Doc. 8 (granting leave to proceed in forma pauperis and assessing an initial partial filing fee); Doc. 11 (deficiency order); Doc. 15 (denying Plaintiff's motion to supplement an earlier pleading); Doc. 17 (denying Plaintiff's motion for reconsideration of the court's order granting him leave to proceed in forma pauperis)).

limitations [of such close quarters has had] detrimental consequences on [Plaintiff's] mental well-being . . . [and] should constitute cruel and unusual punishment" (*id.*).  Further, Plaintiff claims that he has filed this complaint "on behalf of [himself] and all the [FCI Marianna] [i]nmates affected, directly and/or indirectly" (*id.* at 6).  Plaintiff argues that the overcrowding affects the overall quality of life at FCI Marianna, strains the FCI Marianna departments that provide services to inmates, and causes safety problems (*id.* at 5).  Specifically concerning the alleged safety implications, Plaintiff claims that inmates are not able to sit up in their bunks because the triple occupancy necessitates that the bunks have only twenty-two (22) inches of vertical clearance between them (*see id.*).  Plaintiff continues, "[s]o if an inmate is choking in his sleep and not realizing where [he is] at and attempts to sit up in his bunk and bump[s] his head, because he cannot sit straight up, he could knock himself out and as a result die from being knocked out while choking" (*id.*).  Plaintiff also claims that "[w]ith all the downsizing and [overcrowding] the prison with inmates, one can only imagine the collateral consequences" (*id.* at 6).  Plaintiff argues that Defendant has violated the Eighth and Fifth Amendments (*id.* at 7).  For relief, Plaintiff requests an order directing Defendant to "remove all triple bunks in every unit at F.C.I. Marianna and replace them with double bunks; and any other relief that this court deems just and proper" (*id.*).

Initially, Plaintiff is advised that a prisoner proceeding pro se cannot represent the interests of other prisoners or of a class.  *See* Wallace v. Smith, 145 Fed. Appx. 300, 302 (11th Cir. 2005); *see also* Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."); Massimo v. Henderson, 468 F.2d 1209, 1210 (5th Cir. 1972) (affirming dismissal of the portion of petitioner's complaint seeking relief on behalf of fellow inmates).[2]  Thus, the court construes Plaintiff's complaint as an individual suit brought by Plaintiff, not as a class action.  *See, e.g.*, Smith v. Mendoza-Powers, No. CV-F-06-0717 OWW DLB P, 2007 WL 1217715, at *2 (E.D. Cal. Apr. 24, 2007) (construing a complaint filed by a non-lawyer inmate on behalf of other inmates as an individual complaint and not a class action).

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

Case No: 5:07cv138/MCR/EMT

Additionally, to the extent Plaintiff alleges a due process claim under the Fifth Amendment, Plaintiff's claim is subject to dismissal, as it is the Eighth that Amendment governs the conditions under which convicted prisoners are confined and the treatment they receive while in prison. Campbell v. Sikes, 169 F.3d 1353, 1362 (11th Cir. 1999) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)); Jordan v. Doe, 38 F.3d 1559, 1564–65 (11th Cir. 1994).[3]

The Eighth Amendment requires that, at the minimum, all claims challenging conditions of confinement must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety. Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981); *see also* Hamm, 774 F.2d at 1571–72. Furthermore, "conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes, 452 U.S. at 347. Simply put, "the Constitution does not mandate comfortable prisons." *Id.* at 349.

The Supreme Court has developed a two-part analysis governing Eighth Amendment challenges to prison conditions. Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004).

> First, under the "objective component," a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992). The challenged condition must be "extreme." *Id.* at 9, 112 S. Ct. at 1000. While an inmate "need not await a tragic event" before seeking relief, Helling v. McKinney, 509 U.S. 25, 33, 113 S. Ct. 2475, 2481, 125 L. Ed. 2d 22 (1993), he must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety, *id.* at 35, 113 S. Ct. at 2481. Moreover, the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to [the challenged condition of

---

[3]"The conditions under which a pretrial detainee is confined are scrutinized under the Due Process Clauses of the Fifth and Fourteenth Amendments." Jordan, 38 F.3d at 1564 (11th Cir. 1994) (citing Bell v. Wolfish, 441 U.S. 520, 535 & n.16 (1979) (utilizing Fifth Amendment Due Process Clause); Hamm v. DeKalb County, 774 F.2d 1567, 1572 (11th Cir. 1985) (utilizing Fourteenth Amendment Due Process Clause)). Here, Plaintiff is a prisoner and not a pretrial detainee. *See* Jordan, 38 F.3d at 1564. Thus, Plaintiff's claim is properly analyzed under the Eighth Amendment, and Plaintiff should drop the Fifth Amendment claim from his amended complaint.

confinement]. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate. *Id.* at 36, 113 S. Ct. at 2482. The Eighth Amendment thus guarantees that prisoners will not be "deprive[d] . . . of the minimal civilized measure of life's necessities." Rhodes, 452 U.S. at 347, 101 S. Ct. at 2399.

Chandler, 379 F.3d at 1289–90.

The second part of the two-part analysis is the "subjective component:"

[T]he prisoner must show that the defendant prison officials "acted with a sufficiently culpable state of mind" with regard to the condition at issue. Hudson, 503 U.S. at 8, 112 S. Ct. at 999 (marks and citation omitted). The proper standard is that of deliberate indifference. Wilson v. Seiter, 501 U.S. 294, 303, 111 S. Ct. 2321, 2327, 115 L. Ed. 2d 271 (1991). Negligence does not suffice to satisfy this standard, *id.* at 305, 111 S. Ct. at 2328, but a prisoner need not show that the prison official acted with "the very purpose of causing harm or with knowledge that harm [would] result," Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978, 128 L. Ed. 2d 811 (1994). In defining the deliberate indifference standard, the Farmer Court stated: [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837, 114 S. Ct. at 1979. Furthermore, the official may escape liability for known risks "if [he] responded reasonably to the risk, even if the harm ultimately was not averted." Id. at 844, 114 S. Ct. at 1982–83.

Chandler, 379 F.3d at 1289–90.

Here, Plaintiff alleges an Eighth Amendment violation because Defendant is housing three inmates to a cell designed for two prisoners (*see* Doc. 1 at 5). However, "[e]ven double capacity, the Supreme Court has held, does not violate the constitution absent 'deprivations of essential food, medical care, or sanitation.' " Fischer v. Ellegood, No. 06-15167, 2007 WL 1624315, at *4 (11th Cir. June 6, 2007) (quoting Rhodes, 452 U.S. at 347–48 (finding that housing two inmates in a cell designed for one does not, without more, violate the Eighth Amendment)); *see also* Stevenson v. Whetsel, 52 Fed. Appx. 444, 446 (10th Cir. 2002) (holding that "we are unable to say that placing three prisoners in a cell designed for two, of itself, rises to the level of an Eighth Amendment violation"). Therefore, Plaintiff cannot meet the first prong of the Eighth Amendment test for

Case No: 5:07cv138/MCR/EMT

unconstitutional prison conditions.  *See* Rhodes, 452 U.S. at 348–49 (explaining that overcrowding alone is not "sufficiently serious" to establish a constitutional violation).

Furthermore, "[n]othing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." Jordan, 38 F.3d at 1564 (quoting Wilson v. Seiter, 501 U.S. 294, 305 (1991)).  Thus, to the extent that Plaintiff has alleged deterioration in the overall quality of life at FCI Marianna and reduction in the services provided to inmates by staff, he has not stated an Eighth Amendment claim.  *See id.*

Next, Plaintiff has not alleged facts sufficient to meet the second prong of the test for Eighth Amendment challenges to prison conditions.  *See* Chandler, 379 F.3d at 1289–90.  In particular, Plaintiff has not alleged that Defendant acted with a culpable state of mind or that he knew of and disregarded an excessive risk to inmate health or safety.  *See id.*  Plaintiff's only allegations of safety issues concern a hypothetical scenario where a prisoner "could knock himself out" while sitting up in bed at night (*see* Doc. 1 at 6).  Plaintiff has not alleged that any such accidents have actually occurred, nor has he alleged that Defendant is aware of any instances of any such accidents.  In short, Plaintiff has not alleged facts sufficient to show that he has actually been put at serious risk of harm or that Defendant knew he was in such danger.  *See* Chandler, 379 F.3d at 1289–90.  Thus, Plaintiff has failed to state a claim on the facts alleged because they fail to establish either part of the test for Eighth Amendment challenges to prison conditions.  *See id.*

Plaintiff should carefully review the foregoing to determine whether he desires to proceed with this action.  If Plaintiff wishes to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  Plaintiff must limit her allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form.  In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged federal violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.  If Plaintiff cannot state exactly how a particular Defendant harmed her, he should delete or drop that person as a Defendant from her complaint.

Case No: 5:07cv138/MCR/EMT

Plaintiff's request for relief should be limited to only that which he could recover if he succeeds on his claims.  Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded.  N.D. Fla. Loc. R. 15.1.

Accordingly, it is **ORDERED**:

1. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 28 U.S.C. §1331 or 1346.  This case number should be written on the form.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and titled "Amended Complaint."

3. Plaintiff's failure to file an amended complaint may result in a recommendation that this action be dismissed for failure to comply with a court order.

**DONE AND ORDERED** this 18th day of September 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**