IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LLEWELEN F. SMITH,
    Plaintiff,

vs.                                Case No: 5:07cv138/MCR/EMT

SCOTT A. MIDDLEBROOK,
    Defendant.
_____/

## **ORDER**

       This cause is before the court on Plaintiff's "Demand That Magistrate Judge Elizabeth M. Timothy Recuse Herself From This Case" (Doc. 23), in which Plaintiff seeks recusal of the undersigned pursuant to 28 U.S.C. § 455(a) (*id.* at 1).  Plaintiff also requests that the court appoint counsel to represent him (*id.* at 3).

       Regarding recusal of the undersigned, Plaintiff alleges that the undersigned has continuously and deliberately deprived Plaintiff of a liberal construction of his pleadings, the right to represent a class of prisoners, and the right to discharge debt allegedly owed to him in lieu of paying the balance of the filing fee (*see id.* at 2–3).  Plaintiff requests reassignment to another magistrate judge (*id.* at 3).

       Initially, the court notes again that the appointment of counsel in civil cases is not a constitutional right; rather, it is "a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner."  Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987).  As the court at this time does not view the case as exceptionally complex, Plaintiff's motion will be denied without prejudice.  Appointment of counsel may be considered at a later time should the need for counsel become evident.

With respect to Plaintiff's request that the undersigned recuse herself, title 28 U.S.C. § 455(a) requires a magistrate judge to "disqualify [her]self in any proceeding in which h[er] impartiality might reasonably be questioned." The standard is objectively based on whether a reasonable individual could conclude based on all the facts that the judge's impartiality might reasonably be questioned. Jaffree v. Wallace, 837 F.2d 1461, 1465 (11th Cir. 1988). Bias sufficient to disqualify a judge must be personal rather than judicial unless the judicial conduct "reveal[s] an antipathy . . . intense enough to make fair judgment impossible." Onishea v. Hopper, 126 F.3d 1323, 1340, (11th Cir. 1997), *vacated on other grounds*, 133 F.3d 1377 (11th Cir. 1998); *see also* First Alabama Bank of Montgomery v. Parsons Steele, 825 F.2d 1475 (11th Cir. 1987), *cert. denied*, McGregor v. First Alabama Bank of Montgomery, 484 U.S. 1060, 108 S. Ct. 1015, 98 L. Ed. 2d 980 (1988); United States v. Meester, 762 F.2d 867, 884–85 (11th Cir. 1985).

It is no basis for recusal that the judge simply ruled adversely to the movant's cause. *See* United States v. Chandler, 996 F.2d 1073, 1104 (11th Cir. 1993); McWhorter v. City of Birmingham, 906 F.2d 674, 678–79 (11th Cir. 1990); Jaffe v. Grant, 793 F.2d 1182, 1188–89 (11th Cir. 1986), *cert. denied*, 480 U.S. 931, 107 S. Ct. 1566, 94 L. Ed. 2d 759 (1987). Furthermore, "a judge is not disqualified merely because a litigant sues or threatens suit" against her. Matter of Hipp, Inc., 5 F.3d 109, 116 (5th Cir. 1993); *see also* United States v. Studley, 783 F.2d 934, 939–40 (9th Cir. 1986); United States v. Grismore, 564 F.2d 929, 933 (10th Cir. 1977), *cert. denied*, 435 U.S. 954, 98 S. Ct. 1586, 55 L. Ed. 2d 806 (1978). Judges need not recuse themselves merely because they are named as defendants in a meritless action, *see* Jones v. City of Buffalo, 867 F. Supp. 1155, 1162–63 (W.D.N.Y. 1994); *see also* Rafferty v. NYNEX Corp., 60 F.3d 844, 848 n.4 (D.C. Cir. 1995), or merely because they have been personally attacked by the defendant in other proceedings. United States v. Olander, 584 F.2d 876, 887-88 (9th Cir. 1978), *vacated on other grounds*, 443 U.S. 914, 99 S. Ct. 3104, 61 L. Ed. 2d 878 (1979); United States v. Bray, 546 F.2d 851, 858 (10th Cir. 1976); United States v. Marshall, 77 F. Supp.2d 764 (N.D. Tex. 1999). "A party cannot force disqualification by attacking the judge and then claiming that these attacks must have caused the judge to be biased against him . . . ." 13A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3542, at 577–78 (2d ed. 1984).

Plaintiff has not identified any facts showing that the undersigned's impartiality might

reasonably be questioned in this case. Indeed, the reasons offered by Plaintiff for recusal do not relate to any personal bias; rather, they demonstrate that Plaintiff is dissatisfied with the undersigned's rulings and analysis of Plaintiff's claims. Specifically, Plaintiff disputes this court's "construction of his claims," as well as this court's orders regarding the payment of the filing fee and Plaintiff's request that this action be construed as a class action (*see, e.g.,* Doc. 19 (order directing Plaintiff to amend his complaint); Doc. 17 (order denying Plaintiff's request that the court accept certain debt allegedly owed to him in lieu of the balance of the filing fee); Doc. 19 (order advising Plaintiff that he may not represent a class of prisoners because he is proceeding pro se)). The undersigned's decisions on these legal matters are "judicial" in nature and are not proper grounds for recusal. *See, e.g.*, Chandler, 996 F.2d at 1104; McWhorter, 906 F.2d at 678–79; Jaffe, 793 F.2d at 1188–89. Therefore, Plaintiff's motion shall be denied.

Accordingly, it is **ORDERED** that:

Plaintiff's "Demand That Magistrate Judge Elizabeth M. Timothy Recuse Herself From This Case" (Doc. 23) is **DENIED**.

**DONE AND ORDERED** this 19th day of October 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**