IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LLEWELEN F. SMITH,
    Plaintiff,

vs.                                    Case No. 5:07cv138/MCR/EMT

SCOTT A. MIDDLEBROOK, WARDEN,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

      Plaintiff, proceeding pro se and in forma pauperis, has filed an amended civil rights complaint under 28 U.S.C. § 1331 and Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 38, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), or 28 U.S.C. § 1346 (Doc. 22). Leave to proceed in forma pauperis has been granted (Doc. 8).

      Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The

complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face. *See* Bell Atl. Corp. v. Twombly, — U.S. —, 127 S. Ct. 1955, 1968–69, 1974, 167 L. Ed. 2d 929 (2007) (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). Upon review of the complaint, the court concludes that dismissal of this action is warranted.

Plaintiff, an inmate at the Federal Correctional Institution in Marianna, Florida ("FCI Marianna")[1] at all times relevant to this action, names one Defendant: Scott A. Middlebrook, Warden of FCI Marianna (*see* Doc. 22 at 1, 2). Plaintiff alleges that Defendant is "housing three inmates to a cell" in violation of the Eighth and Fourteenth Amendments of the United States Constitution (*see id.* at 5–6). Plaintiff alleges that, because of the overcrowding, inmates are "routinely subjected to brutality, extortion, and rape at the hands of their cellmates." (*id*. at 6(a)). Plaintiff also alleges that "FCI Marianna's rudimentary system of prisoner classification is totally inadequate to properly assure the peaceful compatibility of cellmates and [] FCI Marianna's security and supervision capabilities fall far short of being able to protect inmates from pontintial [sic] violence at the hands of cellmates" (*id*.). Plaintiff also states that the inmates are psychologically impacted due to the overcrowding (*id*.). Additionally, Plaintiff alleges that "prison officials have a constitutional duty to provide the prisoners under their management with reasonably adequate food, clothing, shelter, sanitation, medical care, and personal safety, so as to avoid the imposition of Cruel and Unusual Punishment" (*id*. at 6(d)). Plaintiff states that "Warden Scott A. Middlebrook, the Defendant, has been put on Actual and Constructive Notice of the inhumane conditions and constitutional violations at FCI Marianna in numerous instances and has failed to correct those conditions" (*id*.). Further, Plaintiff asks this court to appoint counsel and to designate this action as a class action under Rule 23 of the Federal Rules of Civil Procedure (*id*. at 6(e)). Plaintiff alleges, "[f]rom the inception of this action, [he] has requested this court to appoint counsel to represent those affected directly and indirectly by this deliberate and intentional over-crowding that affects,

---

[1] Since filing the amended complaint, Plaintiff has been transferred to Coleman Low FCI (*see* Doc. 29).

Case No: 5:07cv138/MCR/EMT

not only the Plaintiff and the inmates at FCI Marianna, but over-crowding is a national problem which affects the whole Bureau of Prisons (BOP)" (*id.*).

Plaintiff asserts that Defendant has violated the Equal Protection Clause and the Eighth and Fourteenth Amendments (*id.* at 7). For relief, Plaintiff requests an order directing Defendant to "remove all triple bunks in every unit at FCI Marianna and replace them with double bunks; and any other relief that is deemed just and proper" (*id.*). On the "Statement of Claims" section of the complaint form, Plaintiff also cites numerous cases as bases for his claims (*see id.*).

As Plaintiff was previously advised, a prisoner proceeding pro se cannot represent the interests of other prisoners or of a class. *See* Wallace v. Smith, 145 Fed. Appx. 300, 302 (11th Cir. 2005); *see also* Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."); Massimo v. Henderson, 468 F.2d 1209, 1210 (5th Cir. 1972) (affirming dismissal of the portion of petitioner's complaint seeking relief on behalf of fellow inmates).[2] Thus, the court construes Plaintiff's complaint as an individual suit brought by Plaintiff, not as a class action. *See, e.g.*, Smith v. Mendoza-Powers, No. CV-F-06-0717 OWW DLB P, 2007 WL 1217715, at *2 (E.D. Cal. Apr. 24, 2007) (construing a complaint filed by a non-lawyer inmate on behalf of other inmates as an individual complaint and not a class action).

Additionally, to the extent Plaintiff alleges a due process claim under the Fourteenth Amendment, Plaintiff's claim is subject to dismissal, as it is the Eighth Amendment that governs the conditions under which convicted prisoners are confined and the treatment they receive while in prison. Campbell v. Sikes, 169 F.3d 1353, 1362 (11th Cir. 1999) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)); Jordan v. Doe, 38 F.3d 1559, 1564–65 (11th Cir. 1994).[3]

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

[3]"The conditions under which a pretrial detainee is confined are scrutinized under the Due Process Clauses of the Fifth and Fourteenth Amendments." Jordan, 38 F.3d at 1564 (11th Cir. 1994) (citing Bell v. Wolfish, 441 U.S. 520, 535 & n.16 (1979) (utilizing Fifth Amendment Due Process Clause); Hamm v. DeKalb County, 774 F.2d 1567, 1572 (11th Cir. 1985) (utilizing Fourteenth Amendment Due Process Clause)). Here, Plaintiff is a prisoner and not a pretrial detainee. *See* Jordan, 38 F.3d at 1564. Thus, Plaintiff's claim is properly analyzed under the Eighth Amendment.

Further, to the extent that Plaintiff asserts a claim that Defendant's actions violate the Eighth Amendment's prohibition against cruel and unusual punishment, his claim is without merit. The Eighth Amendment requires that, at the minimum, all claims challenging conditions of confinement must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety. Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981); *see also* Hamm, 774 F.2d at 1571–72. Furthermore, "conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes, 452 U.S. at 347. Simply put, "the Constitution does not mandate comfortable prisons." *Id.* at 349.

The Supreme Court has developed a two-part analysis governing Eighth Amendment challenges to prison conditions. Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004).

> First, under the "objective component," a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992). The challenged condition must be "extreme." *Id.* at 9, 112 S. Ct. at 1000. While an inmate "need not await a tragic event" before seeking relief, Helling v. McKinney, 509 U.S. 25, 33, 113 S. Ct. 2475, 2481, 125 L. Ed. 2d 22 (1993), he must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety, *id.* at 35, 113 S. Ct. at 2481. Moreover, the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to [the challenged condition of confinement]. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate. *Id.* at 36, 113 S. Ct. at 2482. The Eighth Amendment thus guarantees that prisoners will not be "deprive[d] . . . of the minimal civilized measure of life's necessities." Rhodes, 452 U.S. at 347, 101 S. Ct. at 2399.

Chandler, 379 F.3d at 1289–90.

The second part of the two-part analysis is the "subjective component:"

> [T]he prisoner must show that the defendant prison officials "acted with a sufficiently culpable state of mind" with regard to the condition at issue. Hudson,

>503 U.S. at 8, 112 S. Ct. at 999 (marks and citation omitted). The proper standard is that of deliberate indifference. Wilson v. Seiter, 501 U.S. 294, 303, 111 S. Ct. 2321, 2327, 115 L. Ed. 2d 271 (1991). Negligence does not suffice to satisfy this standard, *id.* at 305, 111 S. Ct. at 2328, but a prisoner need not show that the prison official acted with "the very purpose of causing harm or with knowledge that harm [would] result," Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978, 128 L. Ed. 2d 811 (1994). In defining the deliberate indifference standard, the Farmer Court stated: [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837, 114 S. Ct. at 1979. Furthermore, the official may escape liability for known risks "if [he] responded reasonably to the risk, even if the harm ultimately was not averted." Id. at 844, 114 S. Ct. at 1982–83.

Chandler, 379 F.3d at 1289–90.

Here, Plaintiff alleges an Eighth Amendment violation because Defendant is housing three inmates to a cell designed for two prisoners (*see* Doc. 22 at 6). However, "[e]ven double capacity, the Supreme Court has held, does not violate the constitution absent 'deprivations of essential food, medical care, or sanitation.'" Fischer v. Ellegood, No. 06-15167, 2007 WL 1624315, at *4 (11th Cir. June 6, 2007) (quoting Rhodes, 452 U.S. at 347–48 (finding that housing two inmates in a cell designed for one does not, without more, violate the Eighth Amendment)); *see also* Stevenson v. Whetsel, 52 Fed. Appx. 444, 446 (10th Cir. 2002) (holding that "we are unable to say that placing three prisoners in a cell designed for two, of itself, rises to the level of an Eighth Amendment violation"). Therefore, Plaintiff cannot meet the first prong of the Eighth Amendment test for unconstitutional prison conditions. *See* Rhodes, 452 U.S. at 348–49 (explaining that overcrowding alone is not "sufficiently serious" to establish a constitutional violation).

Furthermore, "[n]othing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." Jordan, 38 F.3d at 1564 (quoting Wilson v. Seiter, 501 U.S. 294, 305 (1991)). Thus, to the extent that Plaintiff has alleged deterioration in the overall quality of life at FCI Marianna and reduction in the services provided to inmates by staff, he has not stated an Eighth Amendment claim. *See id.*

Case No: 5:07cv138/MCR/EMT

Next, Plaintiff has not alleged facts sufficient to meet the second prong of the test for Eighth Amendment challenges to prison conditions. *See* Chandler, 379 F.3d at 1289–90. In particular, Plaintiff has not alleged that Defendant acted with a culpable state of mind or that he knew of and disregarded an excessive risk to inmate health or safety. *See id.* In the instant case, Plaintiff generally alleges that prison overcrowding is an epidemic that affects all inmates, either directly or indirectly (*see* Doc. 22 at 5–12). Although Plaintiff makes generalized allegations about the potential mental and physical impact that prison overcrowding has on inmates, Plaintiff fails to establish, specifically, how Defendant has harmed him (*id.*). Plaintiff's only allegations regarding safety issues concern hypothetical scenarios where prisoners are "routinely subjected to brutality, extortion, and rape out the hands of their cellmates" due to prison overcrowding (*see id.* at 6(a)). Plaintiff has not alleged that any such incidents have actually occurred, nor has he alleged that he has been the victim of any such incidents. In short, Plaintiff has not alleged facts sufficient to show that he has actually been put at serious risk of harm or that Defendant knew he was in such danger. *See* Chandler, 379 F.3d at 1289–90. Thus, Plaintiff has failed to state a claim on the facts alleged because they fail to establish either part of the test for Eighth Amendment challenges to prison conditions. *See id.*

Finally, Plaintiff is not entitled to the relief he seeks. Plaintiff requests as relief that the court order Defendant "to remove all triple bunks in every unit at FCI Marianna and replace them with double bunks" (Doc. 22 at 7).[4] The court will construe Plaintiff's request as a request for injunctive relief. However, since filing his amended complaint, Plaintiff was transferred to Coleman Low FCI (*see* Doc. 29). Thus, his request for injunctive relief is moot. *See, e.g.*, Boxer X v. Donald, 169 Fed. Appx. 555, 559 (11th Cir. 2006) (unpublished) (explaining that the district court did not err by granting summary judgment for defendants when plaintiff's claim for injunctive relief was rendered moot by his transfer to a different institution). Although Plaintiff generally alleges that prison overcrowding is a nationwide problem, and he remains a prison inmate, the relief he seeks is

---

[4] Plaintiff additionally seeks "the same relief granted to J.D. Williams, President of the AFGE Local 4036" and any other relief "that is deemed just and proper" (Doc. 22 at 7). Plaintiff has not explained the nature of the relief granted to J.D. Williams or who this person is. However, in light of Plaintiff's failure to establish a constitutional violation, he is entitled to no relief whatsoever.

Case No: 5:07cv138/MCR/EMT

designed to correct prison conditions at FCI Marianna, and Plaintiff is no longer housed there. In sum, Plaintiff has failed to state a claim upon which relief may be granted.

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED WITH PREJUDICE** for Plaintiff's failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida this 17th day of July 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**
**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**